COLLARD v. RONIS.

1. NEGLIGENCE—PERSONAL INJURIES—EVIDENCE—BURDEN OF PROOF.
   In an action against R. and B., as individuals and as doing business as a company, for personal injuries caused by an automobile driven by R., but alleged to be owned by defendants and operated in their business, the burden of proof is upon plaintiff to show the liability of B.

2. SAME—NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.
   Where the only testimony connecting B. with the owner-

ship or operation of the car was the testimony of plaintiff's brother that B. said R. was working for him, which statement B. denied, and both B. and R. testified that R. was not in B.'s employ, and R. further testified that he was the owner of the car and the license was in his name, a verdict against B. is *held*, to be against the great weight of the evidence.

Error to Wayne; Davis (Frank D. M.), J., presiding. Submitted April 25, 1922. (Docket No. 135.) Decided June 5, 1922.

Case by Margaret Collard against Max Ronis and Jacob Bomze for personal injuries. Judgment for plaintiff. Defendant Bomze brings error. Reversed.

*McIntyre & Robinson,* for appellant.

*Clarence P. Milligan,* for appellee.

SHARPE, J. The plaintiff was injured by a Ford touring car, driven by the defendant Ronis, on Jefferson avenue in the city of Detroit on April 3, 1920. The declaration complained of the defendants as individuals and as "doing business as Michigan Window Cleaning Company." The negligence complained of was the operation of the automobile in a reckless and negligent manner and the running of it inside the limits of a "safety zone" in which plaintiff was standing. The plea was the general issue. Plaintiff testified that both defendants were in the car at the time it struck her. She was carried into a nearby drug store and afterwards removed to a hospital, the defendant Bomze driving the car during such removal and the defendant Ronis sitting in the back seat and affording her support. Dr. Seibert, who attended her at the hospital, and her husband, Edgar Charles Collard, testified as to her injuries. The city clerk produced the ordinance of the city providing for the establishing of safety zones, etc. The plaintiff then rested.

Defendants' counsel thereupon moved for a directed verdict for both defendants on the ground that no actionable negligence was proven, and also on behalf of the defendant Bomze for the reason that there was no evidence connecting him with the ownership or the operation of the car.   The court intimated that as to Bomze the motion seemed to be well founded, whereupon plaintiff's counsel asked and was granted leave to submit further proof.   Both defendants were then called as adverse witnesses and examined at length. Ronis admitted that he owned the car.   He denied that he was working for Bomze or that they were in any way engaged in business together.   He testified that Bomze, who was an unmarried man, was rooming at his home and was riding with him to his (Bomze's) office, near where the accident happened; that when · stopped by the traffic on Jefferson avenue Bomze alighted and was not in the car at the time plaintiff was injured.   Bomze's testimony was to the same effect.   He explained his presence in the drug store by saying that when near the stairway leading to his office he stopped and soon after saw plaintiff being carried into the drug store; that he afterwards drove the car to the hospital as an accommodation and to assist Ronis in caring for plaintiff.

It was apparent that no proof had yet been offered to charge Bomze  with liability.   Plaintiff's brother, Roy A. Foster, was then called.   He testified that he had not been in court on the preceding day when the motion to direct was made, though he had met plaintiff's counsel before that time in his office.   He further testified that at his sister's request he "made some investigation of this case.   I first saw Mr. Bomze  *  *  *  at his office on Bates street, and had a talk with him."   That he saw a Ford touring car in front of the office with ladders on it; that Bomze said Ronis "was only working for him."   That

he had been to police headquarters, where he was informed of the license number of the car but made no effort to ascertain the name of the owner, though he knew where he could do so. He did not examine the number on the car standing in front of Bomze's office.

Bomze, being recalled, denied the conversation with Foster. He testified that after the accident he bought a Ford car for his own use and the license was in the name of the Michigan Window Cleaning Company, a copartnership, composed of himself and William C. Roesler.

The motion to direct a verdict as to defendant Bomze was then renewed and denied. The case was submitted to the jury under instructions that to find against Bomze the proofs must satisfy them either that Ronis was in the employ of Bomze or was operating the car under his instructions. The jury rendered a verdict for plaintiff against both defendants for $800. Defendant Bomze's motion for a new trial, on the ground that the verdict was against the great weight of the evidence, was denied. The judgment is here reviewed by him by writ of error. The assignment discussed is the refusal to grant a new trial for the reason stated.

The duty imposed on this court under the statute (3 Comp. Laws 1915, § 12635) to review the action of the trial court in refusing to grant a new trial has been pointed out in so many cases that we content ourselves with calling attention to a few of them. *Hintz* v. *Railroad Co.*, 132 Mich. 305; *In re McIntyre's Estate*, 160 Mich. 117; *Krouse* v. *Railway*, 166 Mich. 147.

The only testimony tending in any way to connect the defendant Bomze with the injury sustained by plaintiff is her statement that he was riding in the car with Ronis, and that of Foster, her brother, that

Bomze said Ronis was working for him. The statement of the plaintiff was not sufficient on which to predicate liability. It must rest on the testimony of Foster. The fact that he was not called until plaintiff's counsel had endeavored in every other way to make such proof is significant. As against his testimony, we have the denial of Bomze that such statement was made by him and the positive testimony of both Bomze and Ronis that the latter was not in the employ of the former at that time.

It is but fair to require plaintiff to submit such proof as is available to sustain the burden cast upon her by the law. There may be cases where the right of a plaintiff to recover is dependent upon the testimony of a single witness and unless there be something in the record to discredit such testimony we should hesitate in setting aside a verdict based on it, though contradicted by interested witnesses for the defense. The plaintiff might easily have ascertained in whose name the license for the car which injured her was taken out. Ronis testified he was the owner of the car and the license was in his name. If this be true, and we must so assume, it tends to negative the claim that he was in the employ of Bomze, as an employee does not usually furnish a car for the use of his employer.

While reluctant to interfere with the discretion exercised by the trial court in denying defendant Bomze's motion, after a careful reading of the entire record we are of the opinion that the verdict is so against the great weight of the evidence as to necessitate the reversal of the judgment and the granting of a new trial. It is so ordered. Defendant Bomze will recover his costs in this court.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.